UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| Chambers of | 101 West Lombard Street |
|---|---|
| **GEORGE L. RUSSELL, III** | Baltimore, Maryland 21201 |
| United States District Judge | 410-962-4055 |

September 29, 2016

MEMORANDUM TO COUNSEL RE:       Debra Cavey, et al. v. Mach Trucking LLC, et al.
Civil Action No. GLR-16-1339

Dear Counsel:

Pending before the Court are Defendants'; Mach Trucking LLC ("Mach Trucking"), Nghia Yan Mac ("Yan Mac"), and Thao Nguyen Mac ("Nguyen Mac"); Motions to Dismiss (ECF Nos. 9, 17).[1]  The Motions are ripe for disposition, and no hearing is necessary. See Local Rule 105.6 (D.Md. 2016).  For the reasons outlined below, the Court will grant the Motions.

This is an automobile tort case arising out of a collision in Anne Arundel County, Maryland between a tractor trailer operated by Yan Mac and an automobile driven by Plaintiff Debra Cavey.  On March 16, 2013, Mrs. Cavey was driving behind Yan Mac's tractor trailer when the tractor trailer stopped, causing Mrs. Cavey and other drivers behind her to stop their vehicles. (Compl. ¶ 7, ECF No. 2).  Mrs. Cavey alleges Yan Mac missed a turn. (See id. ¶ 8).

As Mrs. Cavey waited for the tractor trailer to continue forward, it began backing toward her vehicle.  (Id. ¶ 7).  Mrs. Cavey attempted to elude the tractor trailer, but she could not drive backward because there were other cars behind her. (Id.).  Mrs. Cavey sounded her horn, but the tractor trailer did not stop, and she was unable to exit her vehicle before the impact. (Id.).  The tractor trailer's rear underride guard, also known as the "ICC bar," began crushing the hood and fenders of Mrs. Cavey's vehicle.  (Id. ¶ 8).  As the ICC bar moved closer to the passenger compartment, it shattered the windshield and activated an air bag.  (Id.).  Because Mrs. Cavey was sounding her horn when the air bag deployed, the air bag fractured her left wrist. (Id.).  The force of the tractor trailer pushed Mrs. Cavey's car backward by approximately 120 feet, and the tractor trailer did not stop until it had backed far enough to execute the turn Yan Mac had missed.  (Id.).  Mrs. Cavey sustained multiple injuries and underwent surgery for her fractured wrist. (Id.).

---

[1] Also pending is a Motion to Dismiss for Improper Venue (ECF No. 3).  Yan Mac and Mach Trucking filed this Motion in the Circuit Court for Baltimore City, Maryland, arguing Baltimore City is an inappropriate venue because the accident occurred in Anne Arundel County.  The Court will deny this Motion as moot because this case is now in federal court.

In March 2016, Mrs. Cavey and her husband, Plaintiff Kent Cavey, sued Defendants in the Circuit Court for Baltimore City, Maryland, raising five claims: (1) negligent infliction of physical pain and suffering (Count I); (2) negligent infliction of fear (Count II); (3) intentional infliction of emotional distress (Count III); (4) lost wages and benefits (Count IV); and (5) punitive damages (Count V). (ECF No. 2). On May 6, 2016, Defendants removed the case to this court under 28 U.S.C. §§ 1332, 1441 (2012). (ECF No. 1). Mach Trucking and Yan Mac filed a Motion to Dismiss on May 18, 2016. (ECF No. 9). Nguyen Mac filed a separate Motion to Dismiss on August 24, 2016. (ECF No. 17). Both Motions are fully briefed.

"The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint," not to "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Edwards v. City of Goldsboro, 178 F.3d 231, 243–44 (4th Cir. 1999) (quoting Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992)). A complaint fails to state a claim if it does not contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed.R.Civ.P. 8(a)(2), or does not "state a claim to relief that is plausible on its face," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555). Though the plaintiff is not required to forecast evidence to prove the elements of the claim, the complaint must allege sufficient facts to establish each element. Goss v. Bank of Am., N.A., 917 F.Supp.2d 445, 449 (D.Md. 2013) (quoting Walters v. McMahen, 684 F.3d 435, 439 (4th Cir. 2012)), aff'd sub nom., Goss v. Bank of Am., NA, 546 F.App'x 165 (4th Cir. 2013).

In considering a Rule 12(b)(6) motion, a court must examine the complaint as a whole, consider the factual allegations in the complaint as true, and construe the factual allegations in the light most favorable to the plaintiff. Albright v. Oliver, 510 U.S. 266, 268 (1994); Lambeth v. Bd. of Comm'rs of Davidson Cty., 407 F.3d 266, 268 (4th Cir. 2005) (citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)). But, the court need not accept unsupported or conclusory factual allegations devoid of any reference to actual events, United Black Firefighters v. Hirst, 604 F.2d 844, 847 (4th Cir. 1979), or legal conclusions couched as factual allegations, Iqbal, 556 U.S. at 678.

Generally, the Court does not consider extrinsic evidence at the 12(b)(6) stage. Chesapeake Bay Found., Inc. v. Severstal Sparrows Point, LLC, 794 F.Supp.2d 602, 611 (D.Md. 2011). The Court, however, may consider documents attached to the complaint, see Fed.R.Civ.P. 10(c), as well as those attached to the motion to dismiss, so long as they are integral to and explicitly relied on in the complaint and their authenticity is not challenged, Am. Chiropractic Ass'n v. Trigon Healthcare, Inc., 367 F.3d 212, 234 (4th Cir. 2004) (citation omitted). Additionally, the Court does not consider allegations asserted for the first time in a brief opposing a motion to dismiss for failure to state a claim. See Zachair, Ltd. v. Driggs, 965 F.Supp. 741, 748 n.4 (D.Md. 1997) (explaining that a plaintiff is "bound by the allegations contained in its complaint and cannot, through the use of motion briefs, amend the complaint"), aff'd, 141 F.3d 1162 (4th Cir. 1998).

**Mach Trucking and Yan Mac's Motion to Dismiss**

Mach Trucking and Yan Mac argue Mr. and Mrs. Cavey (the "Caveys") fail to state a claim for punitive damages. The Court agrees.

Originally, to recover punitive damages under Maryland law,[2] a plaintiff only had to prove "that the defendant was guilty of 'gross negligence,' which was defined as a 'wanton or reckless disregard for human life.'" Owens-Illinois, Inc. v. Zenobia, 601 A.2d 633, 650 (Md. 1992) (quoting Smith v. Gray Concrete Pipe Co., 297 A.2d 721, 731 (Md. 1972), overruled by Zenobia, 601 A.2d 633)). In Zenobia, however, the Maryland Court of Appeals overruled Smith and heightened the standard for recovering punitive damages. Under Zenobia, a plaintiff must demonstrate the tortfeasor acted with actual malice, meaning the "defendant's conduct was characterized by evil motive, intent to injure, ill will, or fraud." Id. at 652. A defendant acts with actual malice when he engages in "knowing and deliberate wrongdoing." Ellerin v. Fairfax Sav., F.S.B., 652 A.2d 1117, 1123 (Md. 1995). After Zenobia, punitive damages are reserved for "punishing the most heinous of intentional torts and tortfeasors." Beall v. Holloway-Johnson, 130 A.3d 406, 419 (Md. 2016). A plaintiff must prove the basis for punitive damages by clear and convincing evidence. Zenobia, 601 A.2d at 657.

There is insufficient evidence to establish actual malice when a plaintiff relies on only the egregious circumstances surrounding a tort. See Beall v. Holloway-Johnson, 130 A.3d 406, 422 (Md. 2016). In Beall, a police officer struck and killed a motorcyclist after pursuing the motorcyclist for suspicion of a crime. 130 A.3d at 411–12. The Maryland Court of Appeals concluded that evidence of egregious circumstances—that the officer saw the motorcyclist's brake lights but did not apply his brakes before rear-ending the motorcyclist and killing him— did not support an inference of actual malice because there was no evidence the officer specifically intended to injure or harm the motorcyclist. Beall, 130 A.3d at 422.

The Caveys allege Defendants' actual malice toward them was "evidenced by the wanton and grossly negligent" conduct Yan Mach exhibited when he crashed into Mrs. Cavey's vehicle. (Compl. ¶ 13). While the Court need not accept the Caveys' legal conclusions that Yan Mac was wantonly and grossly negligent, these allegations, on their face, suggest that the Caveys overlook that wantonly or grossly negligent conduct is no longer sufficient to prove an entitlement to punitive damages. See Zenobia, 601 A.2d at 654 (stating "emphatically" that "negligence alone, no matter how gross, wanton, or outrageous, will not qualify as actual malice").

Beyond their bald legal conclusions, the Caveys' only factual allegation addressing actual malice is that backing the tractor trailer toward Mrs. Cavey's vehicle was "as a demonstration of an attitude of 'get out my way or else I will crush you.'" (Compl. ¶ 13). The Caveys ask the Court to infer from only the circumstances surrounding the collision that Yan Mac intended to

---

[2] The Court will apply the substantive law of Maryland because the Court is sitting in diversity jurisdiction and the collision occurred in Maryland. See Nationwide Mut. Ins. Co. v. Welker, 792 F.Supp. 433, 437 (D.Md. 1992) (citing Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78 (1938)) (explaining that a federal district court sitting in diversity applies the substantive law of the state in which the cause of action arose).

injure Mrs. Cavey. But, such an inference is impermissible as a matter of law. See Beall, 130 A.3d at 422. Moreover, the Caveys' factual allegation is wholly conclusory and devoid of reference to any additional facts from which the Court could conclude Yan Mach intended to crush Ms. Cavey's vehicle and injure her. As such, the Court will not accept it as true. See United Black Firefighters v. Hirst, 604 F.2d at 847. Thus, the Court concludes the Caveys do not allege actual malice. Accordingly, the Court will grant Mach Trucking and Yan Mac's Motion as to the Caveys' claim for punitive damages.

Mach Trucking and Yan Mac further argue the Caveys fail to state any actionable claims for Mr. Cavey because they do not raise a claim for loss of consortium. The Court agrees.

Maryland recognizes claims for loss of consortium, which "seek[] damages for injury to the marital relationship, representing the 'loss of society, affection, assistance, and conjugal fellowship.'" Rozinsky v. Assurance Co. of Am., No. RDB-15-02408, 2016 WL 927147, at *3 (D.Md. Mar. 4, 2016) (quoting Deems v. W. Md. Ry. Co., 231 A.2d 514, 517 (Md. 1967)). These claims are "derivative of the injured spouse's Claim for personal injury." Id. (quoting Oaks v. Connors, 660 A.2d 423, 430 (Md. 1995)).

The Caveys do not allege that Mr. Cavey was in the car before or during the collision. (See Compl. ¶¶ 7–8). Hence, the only potential claim Mr. Cavey has is a derivative claim for loss of consortium arising from the injuries Mrs. Cavey allegedly suffered. Because Mr. Cavey does not raise a claim for loss of consortium, the Court will grant Mach Trucking and Yan Mac's Motion and dismiss Mr. Cavey as a party in this action.

**Nguyen Mac's Motion to Dismiss**

Nguyen Mac asserts the Court must dismiss him as a Defendant because he was not driving the tractor trailer and the Caveys allege no facts that would support piercing the corporate veil of Mach Trucking, the limited liability company ("LLC") of which the Caveys allege Nguyen Mac is the managing member. The Court agrees.

In Maryland, "no member shall be personally liable for the obligations of the limited liability company, whether arising in contract, tort or otherwise, solely by reason of being a member of the limited liability company." Md.Code Ann., Corps. & Ass'ns § 4A-301 (West 2016). Maryland courts, however, have "recognized the availability of an action to disregard a limited liability entity congruent with the equitable remedy of piercing the corporate veil." Serio v. Baystate Props., LLC, 60 A.3d 475, 483 (Md.Ct.Spec.App. 2013). A plaintiff may pierce the corporate veil of an LLC and hold a member personally liable in three circumstances: (1) when a member uses the LLC as a shield for the perpetration of fraud; (2) when a member uses the LLC to avoid legal obligations; and (3) when a member treats the LLC's property as his own. See id. at 485–86 (quoting Hildreth v. Tidewater Equip. Co., 838 A.2d 1204, 1210 (Md. 2003)).

The Caveys attach several documents to their Opposition to Nguyen Mac's Motion that they argue demonstrate Mach Trucking is a sole proprietorship, not an LLC. (See ECF Nos. 18-2 through 18-5). It follows, they argue, that Nguyen Mach can be personally liable for the injuries Mrs. Cavey sustained. The Court is not persuaded.

4

The Court will not consider the documents the Caveys attach to their Opposition because they were not integral to or explicitly relied on in the Complaint. See Am. Chiropractic Ass'n, 367 F.3d at 234. In fact, the information in these documents, if accepted as true, completely contradicts the Caveys' allegation that Mach Trucking is an LLC. (See Compl. ¶ 4). Moreover, the Caveys are bound by the allegations in their Complaint and cannot use their Opposition to amend their Complaint to allege Mach Trucking is a sole proprietorship. See Driggs, 965 F.Supp. at 748 n.4.

The Caveys are bound by their allegation that Mach Trucking is an LLC, and the Court concludes the Caveys fail to allege any facts that could support piercing Mack Trucking's corporate veil to hold Nguyen Mac personally liable. Accordingly, the Court will grant Nguyen Mac's Motion and dismiss Nguyen Mac as a defendant in this matter.[3]

For the foregoing reasons, Defendants' Motions to Dismiss (ECF Nos. 9, 17) are GRANTED. Mr. Cavey and Nguyen Mac are DISMISSED as parties in this case. The Caveys' claim for punitive damages (Count V) is also DISMISSED. The Motion to Dismiss for Improper Venue (ECF No. 3) is DENIED as moot. Despite the informal nature of this memorandum, it shall constitute an Order of this Court, and the Clerk is directed to docket it accordingly.

Very truly yours,

/s/
_____
George L. Russell, III
United States District Judge

---

[3] The Caveys also argue the Court should convert Nguyen Mac's Motion into one for summary judgment, and, after considering the Caveys' exhibits, enter judgment as a matter of law that Mach Trucking is a sole proprietorship and Nguyen Mac can be personally liable. The Court "has 'complete discretion to determine whether or not to accept the submission of any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion and rely on it, thereby converting the motion, or to reject it or simply not consider it.'" Wells-Bey v. Kopp, No. ELH-12-2319, 2013 WL 1700927, at *5 (D.Md. Apr. 16, 2013) (quoting 5C Wright & Miller, Federal Practice & Procedure § 1366, at 159 (3d ed. 2004, 2012 Supp.)). In its discretion, the Court elects not to consider the Caveys' exhibits or convert Nguyen Mac's Motion into one for summary judgment because as masters of their Complaint, the Caveys could have either alleged from the outset that Mach Trucking is a sole proprietorship or amended their Complaint to allege the same.